UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD A. PERALES,

               Plaintiff,

-against-

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK,

               Defendant.

23-CV-8389 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff is presently in the custody of the Federal Bureau of Prisons ("BOP") in the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester") pursuant to an order of civil commitment under 18 U.S.C. § 4246 by the United States District Court for the Western District of Missouri.[1] *See United States v. Perales*, No. 6:99-CV-3283, Dkt. 10 (W.D. Mo. Sept. 29, 1999), *aff'd*, 230 F.3d 1364 (8th Cir. 2000) (per curiam) (unpublished opinion). He filed this *pro se* action against this court, seeking a refund of the $350.00 filing fee that was collected for a prior action under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1). By order dated September 27, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint.

## BACKGROUND

      In September 2007, Plaintiff, while he was a civilly committed detainee at the Federal Medical Center in Springfield, Missouri, filed two similar actions in this court, which were

---

[1] Section 4246 authorizes the civil commitment of a person due for release who is suffering from mental disease or defect. *See* 18 U.S.C. § 1846.

consolidated.² *See Perales v. CBS 60 Minutes*, No. 08-CV-2107 (S.D.N.Y. Mar. 8, 2008), *appeal dismissed*, No. 08-1468-pr (2d Cir. June 26, 2008) ("*Perales I*")*;Perales v. CBS 60 Minutes*, No. 08-CV-2109 (S.D.N.Y. Mar. 8, 2008), *appeal dismissed*, No. 08-1455-pr (2d Cir. July 2, 2008) ("*Perales II*"). Because Plaintiff, at that time, was also under a criminal indictment in the United States District Court for the Western District of Texas, *see United States v. Perales*, No. 97-CR-0076 (W.D. Tex.), he was considered a prisoner as defined under the PLRA, 28 U.S.C. § 1915(h),³ and subject to the PLRA's filing-fee collection provision for the actions, *see*

---

² Although most of the documents from Plaintiff's civil commitment case in the Western District of Missouri are sealed, the Court was able to glean the following information from the dockets of that case and Plaintiff's criminal action in the United States District Court for the Western District of Texas. In 1999, the Western District of Missouri granted the Government's petition to civilly commit Plaintiff to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. *See United States v. Perales*, No. 6:99-CV-3283, Dkt. 10 (W.D. Mo. Sept. 29, 1999). On or about September 26, 2006, Plaintiff was conditionally released to a non-BOP facility, but was later returned to BOP custody on June 5, 2007. See *United States* v. *Perales*, No. 1:97-CR-0076, Dkt. 75, at 2 (W.D. Tex. Feb. 10, 2009); *Perales*, No. 6:99-CV-3283, Dkt. 30. On June 11, 2008, the Western District of Texas granted the Government's request to dismiss the criminal indictment against Plaintiff without prejudice, "based upon [Plaintiff's] incarceration in a [BOP] Medical Facility since 1995 and his indefinite civil commitment proceeding . . . in the . . . Western District of Missouri." *Perales*, No. 1:97-CR-0076, Dkt. 71. Each year, the Government submits a Risk Assessment report to the Western District of Missouri, which is reviewed to determine whether Plaintiff should be released from BOP custody. *See Perales*, No. 6:99-CV-3283, Dkt. 94, at 1-2. The latest Risk Assessment was submitted to that court on October 12, 2023. *Id*., Dkt. 113.

On January 4, 2021, the Western District of Missouri denied Plaintiff's most recent motion to be unconditionally released or conditionally released to a state hospital because he was not authorized to personally file such a motion. *See Perales*, No. 6:99-CV-3283, Dkt. 94, at 1 (citing *United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019) (Section 4247(h) requires that "motions for release from civil commitment be filed by an attorney or legal guardian for the committed person"), *cert. denied*, 140 S. Ct. 2535 (Mar. 23, 2020)).

³ Section 1915(h) defines "prisoner" for the purposes of the *in forma pauperis* statute to mean "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

§ 1915(b).[4] On March 3, 2008, then-Chief Judge Loretta A. Preska granted Plaintiff IFP status in the consolidated order for *Perales I* and *II*,[5] permitting him to proceed without prepaying the entire $350.00 filing fee at the time of filing the complaints; instead the fee was deducted from his prisoner account in increments, as set forth in Section 1915(b)(1).[6]

On March 9, 2018, ten years after the dismissal of the consolidated actions, the court received from Plaintiff a "Motion to Vacate PLRA Filing Fee Order" in *Perales I*. *See Perales I*, No. 08-CV-2107, Dkt. 9. In his motion, Plaintiff asserted that he was a civilly committed detainee who was not a "prisoner," under the PLRA, and contended that because he was not a prisoner he should not have been charged the filing fee under the PLRA. Plaintiff requested that the court refund the money that the Clerk of Court had collected from him under the PLRA's filing fee collection provision. On May 18, 2018, then-Chief Judge Colleen McMahon denied the motion, finding that, at the time Plaintiff filed *Perales I*, he was a prisoner who was required under the PLRA to pay the full filing fee. *Id.*, No. 08-CV-2107, Dkt. 10.

Plaintiff now brings this action naming the United States District Court for the Southern District of New York as the defendant. He reiterates the same contentions from his May 9, 2018

---

[4] On June 11, 2008, approximately nine months after Plaintiff filed *Perales I* and *II*, the Western District of Texas granted the Government's request to dismiss the criminal indictment against him without prejudice. *See United States v. Perales*, No. 97-CR-0076, Dkt. 71 (W.D. Tex. June 11, 2008).

[5] Plaintiff was only subjected to one filing fee for both *Perales I* and *II*.

[6] Section 1915(b)(1) provides that the court must collect, when funds exist in a prisoner's prison trust fund account, an initial partial filing fee plus monthly payments. The initial partial filing fee is 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C § 1915(b)(1)(A).

Plaintiff submitted to the court a prisoner authorization with his IFP application, which authorized the agency having custody of him to calculate the amounts specified under the IFP statute, to deduct those amounts from his account, and to disburse those amounts to this court.

motion, that he is a civilly committed detainee, and not a prisoner as defined by the PLRA, and should not have been subjected to the PLRA's filing fee collection provision in *Perales I*. He seeks a refund of the $350.00 filing fee that has been collected for *Perales I*.

## DISCUSSION

The Court, after reviewing Plaintiff's complaint, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). The doctrine of issue preclusion bars relitigation of a specific legal or factual issue in a second proceeding "where (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (citation and internal quotation marks omitted).

Here, the elements of issue preclusion are satisfied. First, the issue raised in this action, whether Plaintiff was a prisoner when he filed *Perales I* and was subject to the PLRA's filing fee collection provision, is identical to the issue raised in *Perales I*. Second, the issue was litigated and decided in *Perales I*. Third, Plaintiff has had a full opportunity to litigate the issue. Finally, the determination that Plaintiff was a prisoner supported the final judgment for *Perales I* and the collection of the filing fee under the PLRA's filing fee collection provision. Plaintiff cannot seek to bring the same issue in a new action under the guise of suing the Southern District of New York. As Plaintiff's claims were previously presented and ruled on, his assertions concerning the

fees in *Perales I* are no longer proper subjects for litigation because they are barred under issue preclusion.[7]

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as barred by issue preclusion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 26, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[7] Under Rule 17 of the Federal Rules of Civil Procedure, "[t]he court must appoint a guardian *ad litem* – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). "A court may not determine on its merits the claim of an incompetent person who is not properly represented." *James v. New York*, 415 F. App'x 295, 296 (2d Cir. 2011); *see Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134-35 (2d Cir. 2009); *see also Galanova v. Portnoy*, 432 F. Supp .3d 433, 442 (S.D.N.Y. 2020) ("In cases in which the plaintiff is incapacitated, and therefore unable to proceed *pro se*, and is unrepresented, the district court must not reach the merits of a claim filed on behalf of an incompetent person who is not properly represented by a suitable guardian and through counsel." (internal quotation marks and citation omitted)).

Here, Plaintiff is currently in BOP's custody based on a finding under Section 4246 that he is suffering from mental disease or defect which implicates public, or his own, safety. *See Perales*, No. 6:99-CV-3283, Dkt. 10. As there is no indication that he was ever adjudicated incompetent pursuant to 18 USC § 4241(d), the Court need not consider whether appointment of a guardian *ad litem* or counsel is warranted for this matter.  n any event, as explained above, there is no arguable basis in law or fact for the relief that he currently seeks.